**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SANTIAGO VEGA-RUIZ, | No. 11-73107 |
| Petitioner, | Agency No. A070-639-636 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2013[**]

Before:    SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Santiago Vega-Ruiz, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for

cancellation of removal, asylum, withholding of removal, and protection under the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Vega-Ruiz's challenge to the agency's denial of his claim for cancellation of removal. *See de Mercado v. Mukasey*, 566 F.3d 810, 814 (9th Cir. 2009) (court lacks jurisdiction to review the discretionary determination of whether petitioner's relatives are likely to suffer exceptional and extremely unusual hardship). Further, contrary to Vega-Ruiz's contention, the agency fully considered the factors relevant to the hardship determination.

Vega-Ruiz testified he was attacked during the robbery of a liquor store, received various threats, and fears future persecution by guerrillas based on his prior military service. Substantial evidence supports the BIA's determination that the attack and threats do not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (mistreatment including beating and unfulfilled threats of harm or death was not "so severe as to compel a finding of past persecution"). Substantial evidence also supports the BIA's determination that Vega-Ruiz did not establish a well-founded fear of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (crediting petitioner's subjective fear

but concluding it was "too speculative" and thus "not objectively reasonable under the circumstances of this case"); *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("[a]n applicant's claim of persecution upon return is weakened, even undercut, . . . when the applicant has returned to the country without incident"). Accordingly, Vega-Ruiz's asylum claim fails.

Because Vega-Ruiz failed to meet the lower standard of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Further, substantial evidence supports the BIA's denial of CAT relief because Vega-Ruiz failed to establish it is more likely than not he would be tortured at the instigation of or with the acquiescence of the government if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, in light of our conclusions, we reject Vega-Ruiz's contention that the BIA erred in not reaching the issue of his credibility, and we do not reach Vega-Ruiz's arguments that the IJ erred in finding him not credible. *See Ramirez-Altamirano v. Holder*, 563 F.3d 800, 804 (9th Cir. 2009) (this court's review is limited to the actual grounds relied upon by the BIA).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**